UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER BROWN,

          Plaintiff,

vs.                                                    Case No.: 8:07-CV-931-T-27MAP

PRESS REPAIR ENGINEERING
SALES & SERVICE, INC., a
Tennessee corporation; DENNIS
R. CHRISTIAN; and JACK W. MINER,

          Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants', Press Engineering Sales & Service, Inc.'s, Dennis

R. Christian's and Jack W. Miner's Joint Motion to Dismiss or Transfer (Dkt. 16) and Plaintiff's

Affidavit and Response in opposition (Dkt. 21). Upon consideration, Defendants' Motion to Dismiss

is GRANTED.

This diversity action was filed by Roger Brown alleging breach of contract. Specifically, he

seeks specific performance of a Forbearance Agreement entered into by Defendant Press Repair

Engineering Sales & Services, Inc. ("Press") and guaranteed by Defendants Christian and Miner, or

in the alternative, damages for breach. In the Complaint, Plaintiff alleges that Defendant Press

breached the agreement by, among other things, failing to make payment pursuant to its terms. In

their motion to dismiss, Defendants contend, among other things, that the Complaint should be

1

dismissed for lack of personal jurisdiction over them pursuant to Rule 12(b)(2).[1]

Defendants support their contention with affidavits, in which they aver that Press is a Tennessee corporation and that Press has no business operations in Florida, employs no one in Florida, and is not licensed to do business in Florida (Dkt. 16-3, Exs. D, E).  The affiants aver that they are residents of Tennessee, do not own or maintain any property in Florida, have no bank accounts in Florida, have no contacts with Florida and have no interest in any Florida entity (Dkt. 16-3, Exs. B, C).  Defendants aver that the Forbearance Agreement was negotiated and executed in Tennessee by all parties (Dkt. 16-3, Exs. D, E, ¶¶ 8, 9).  Defendants aver that all payments made to Plaintiff pursuant to the agreement were either paid to Plaintiff in person in Tennessee or deposited in a bank account in Tennessee maintained by Plaintiff (Id, ¶¶ 12, 13, 14; Ex. F, ¶ 3).

In his sworn response in opposition, Plaintiff acknowledges that the individual defendants are residents of Tennessee, that Press is a Tennessee corporation, that the Forbearance Agreement was negotiated and executed in Tennessee, and that payments made pursuant to the Forbearance Agreement were deposited into his bank account in Tennessee (Dkt. 21, ¶¶ 3, 4, 5, 6, 8, 9).  Plaintiff, relying on a choice of law provision in the Forbearance Agreement, contends that Defendants consented to jurisdiction in Florida.  Alternatively, Plaintiff contends that with respect to Press, it conducts business in interstate and international commerce and therefore sufficient minimum contacts with Florida are present to subject Press to personal jurisdiction (Dkt. 21, p. 4-5, ¶¶ 1-3, 4).

---

[1] As personal jurisdiction is lacking, it is unnecessary to address the other grounds and argument made by Defendants in the motion to dismiss.  The Court notes, however, because Florida is not a judicial district in which all defendants are subject to personal jurisdiction, venue in this District is not proper in any event under 28 U.S.C. §1391(a)(1).

*Discussion*

### *Personal jurisdiction*

In determining whether the exercise of personal jurisdiction over Defendants in Florida is proper, the Court must assess: (1) whether jurisdiction is appropriate under Florida's long-arm statute, and (2) whether the exercise of personal jurisdiction will comport with due process considerations under the Fourteenth Amendment. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Plaintiff bears the burden of establishing a prima facie case of personal jurisdiction by presenting enough evidence to withstand a motion for directed verdict. *Id.*

Personal jurisdiction may be general or specific. *The Nippon Credit Bank, LTD. v. Matthews*, 291 F.3d 738, 747 (11th Cir. 2002). Specific jurisdiction arises from the party's contacts with the forum state that are related to the claim made against it. *Id.* For purposes of specific jurisdiction, sufficient minimum contacts arise when, (1) the contacts are related to the plaintiff's cause of action or have given rise to it, (2) the contacts involve some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum, and (3) the defendant's contacts with the forum are such that the defendant should reasonably anticipate being haled into court there. *SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997).

A plaintiff must plead sufficient material facts to establish a basis for jurisdiction under Florida's long-arm statute.[2] Here, the Complaint does not expressly allege a basis for jurisdiction

---

[2] For the purposes of this inquiry, the pertinent allegations of the Complaint are: the individual Defendants are residents of Tennessee, the corporate Defendant is a Tennessee corporation (Dkt. 1, ¶ 3), the Forbearance Agreement was executed in Tennessee (Id., ¶13, Ex. A), Defendants breached the Forbearance Agreement by failing to make payments due pursuant to its terms, failing to issue stock to Plaintiff, failure to add Plaintiff as an insured, and failure to provide corporate documents to Plaintiff (Id., ¶¶ 15-19).

under Florida's long-arm statute.  Construing Plaintiff's *pro se* Complaint liberally, the only arguable

basis for jurisdiction under Florida's long-arm statute which can be drawn from allegations in the

Complaint is that Plaintiff, a Florida resident, was presumably due to be paid in Florida.  Florida's

long-arm statute subjects nonresidents to jurisdiction who breach a contract by failing to perform acts

*required to be performed in Florida.* § 48.193(1)(g), *Fla. Stat.*(emphasis added)[3]  The failure to pay

a contractual debt, where payment is to be made in Florida, satisfies Florida's long-arm statute.

*Global Satellite Communication Co. v. Sudline*, 849 So. 2d 466, 467 (Fla. 4th DCA 2003).  In the

absence of a contractual provision specifying a place of payment, it is presumed that payment is due

at the creditor's place of business. *Hartcourt Companies, Inc. v. Hogue,* 817 So. 2d 1067, 1070 (Fla.

5th DCA 2002).  Where, as here, however, the parties intended that payment would be made in

Tennessee, Florida's long-arm statute is not implicated.  Plaintiff alleges that Defendants failed to

make payment but does not allege or contend that payment was due in Florida.  Indeed, Plaintiff

acknowledges that payments were deposited into his Tennessee bank account, which he established

---

[3] Florida's long-arm statute provides in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent
does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she
is a natural person, his or her personal representative to the jurisdiction of the courts of this state for
any cause of action arising from the doing of any of the following acts: . .

> (a) Operating, conducting, engaging in, or carrying on a business or business
> venture in this state or having an office or agency in this state.. .
>
> (g) Breaching a contract in this state by failing to perform acts required by the
> contract to be performed in this state. . .
>
> (2) A defendant who is engaged in substantial and not isolated activity within this
> state, whether such activity is wholly interstate, intrastate, or otherwise, is subject
> to the jurisdiction of the courts of this state, whether or not the claim arises from
> that activity.

*Fla. Stat.* § 48.193(1)(b).

4

to facilitate payment pursuant to the Forbearance Agreement.

Where, as here, a defendant challenges the long-arm jurisdictional allegations in a complaint by affidavit, the plaintiff must then support the jurisdictional allegations by affidavit or other proof. *Cosmopolitan Health Spa, Inc. v. Health Industries, Inc.*, 362 So. 2d 367 (Fla. 4th DCA 1978). Here, Defendants aver in their affidavits that payments were made to Plaintiff in Tennessee by making deposits into Plaintiff's Tennessee bank account. Given these affidavits, and Plaintiff's acknowledgment that payments pursuant to the Forbearance Agreement were deposited into Plaintiff's bank account in Tennessee, as intended by the parties, the presumption that payments were due in Florida has been overcome by Defendants. *Hickok Teaching Systems, Inc. v. Equitech Training Systems, Inc.*, 421 So. 2d 772, 773 (Fla. 4th DCA 1982).[4] As Plaintiff suggests no other statutory basis subjecting Defendants to personal jurisdiction, Plaintiff has not established personal jurisdiction over Defendants under Florida's long-arm statute.

Here, Florida's long-arm statute does not provide a basis for subjecting these Defendants to jurisdiction in Florida. Even if there was a sufficient basis for personal jurisdiction under Florida's long-arm statute, Plaintiff has failed to allege facts showing that these Defendants had the requisite minimum contacts with Florida to subject them to jurisdiction under a due process analysis.

***Due process analysis***

The second part of the personal jurisdiction inquiry requires an examination of whether Defendants had fair notice that they would be subject to personal jurisdiction in Florida. This due process analysis focuses on whether a party has the requisite "minimum contacts" with the forum state. *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). To constitute minimum

---

[4] Plaintiff does not challenge Defendants' averments that they had no contacts with Florida.

contacts, Defendants' contact must: (1) be related to the Plaintiff's cause of action or have given rise

to it; (2) involve some act by which Defendants purposefully availed themselves of the privilege of

conducting activities within Florida; and (3) be such that the Defendants should have reasonably

anticipated being haled into court here. *Francosteel Corp. v. M/V Charm, Tiki, Mortensen & Lange*,

19 F.3d 624, 627 (11th Cir. 1994).

Here, it "unequivocally appears that there is no independent basis for Florida to exercise

jurisdiction" over Defendants in this dispute. *See McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 543

(Fla. 1987). Defendants are Tennessee residents having no contacts with Florida, other than having

contracted with a Florida resident to perform a contract in Tennessee. All negotiations leading to

the execution of the Forbearance Agreement took place in Tennessee and it was executed in

Tennessee. Payments were made to Plaintiff in Tennessee. Finally, the agreement was to be

performed in Tennessee. In short, Florida has absolutely no connection with this transaction, other

than the choice of law provision calling for Florida law to "control this agreement." *McRae v.

J.D./M.D., Inc.,* 511 So. 2d at 543 (where there is no basis for long-arm jurisdiction, forum selection

clause "cannot serve as the sole basis for asserting in personam jurisdiction over an objecting, non

resident defendant").

To the extent Plaintiff relies on the choice of law provision in the Forbearance Agreement,

under Florida law, that clause alone cannot subject these Defendants to personal jurisdiction. *deMco

Technologies, Inc. v. C.S. Engineered Castings, Inc.*, 769 So. 2d 1128, 1132 (Fla. 3d DCA 2000)

(Choice of laws provision, without more, is insufficient to establish long-arm jurisdiction over a

nonresident defendant.). It follows that this clause does not, as Plaintiff contends, constitute a

consent by Defendants to jurisdiction in Florida.

Moreover, there is nothing to demonstrate that Defendants purposefully availed themselves of the laws of Florida. Exercising jurisdiction over Defendants in Florida under these circumstances would not comport with traditional notions of fair play and substantial justice. It would place an undue burden on them. Plaintiff's convenience in litigating in Florida does not outweigh the inconvenience that would be imposed on Defendants by having to litigate in Florida, where they have no contacts or business interests. In sum, considerations of fair play and substantial justice do not support the exercise of personal jurisdiction over these Defendants in Florida. Florida has no special interest in adjudicating this dispute. While it may burden Plaintiff to litigate this case in a more distant forum, each of the Defendants is located in Tennessee, and the burden on Defendants would be equal, if not collectively greater, if they were required to litigate this dispute in Florida. More importantly, because the events underlying this action occurred in Tennessee, interests of efficiency weigh in favor of resolving the dispute in Tennessee.

The purposeful availment requirement seeks to ensure that a non-resident defendant "will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475. Defendants' contact with Florida were nil, other than to have contracted with a Florida resident. While a defendant's contract with an out-of-state party alone will not establish sufficient minimum contacts with the forum, factors connected with the contract are evaluated in determining whether the defendant purposely established minimum contacts with the forum. *Burger King v. Rudzewicz*, 471 U.S. at 478-79. Prior negotiations and contemplated future consequences of the contract, the terms of the contract, and the parties' actual course of dealing are considered. Here, the agreement was negotiated and executed in Tennessee. It involved forbearance on Plaintiff's right to collect a debt secured by property in Tennessee. The inquiry is

7

whether defendants' conduct in connection with Florida was such that they would reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Under these circumstances, Defendants could not have reasonably foreseen that Plaintiff would seek to enforce his contractual rights in Florida if Defendants failed to perform, given the nature of the contract. Exercising personal jurisdiction over these Defendants would offend traditional notions of fair play and substantial justice.

In light of the foregoing, the Court finds that Plaintiff has failed to show that the Defendants are subject to personal jurisdiction in Florida. Accordingly, it is

**ORDERED AND ADJUDGED**:

1.    Defendants', Press Engineering Sales & Service, Inc.'s, Dennis R. Christian's and Jack W. Miner's Joint Motion to Dismiss or Transfer (Dkt. 16) **GRANTED**.

2.    This Court's Order to Show Cause (Dkt. 32) is discharged.

3.    The Clerk is directed to close this case and deny all other pending motions as moot.

**DONE AND ORDERED** in chambers this _10th_ day of January, 2008.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Plaintiff pro se
Counsel of Record

8