UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER BROWN,

        Plaintiff,

vs.                                      Case No. 8:07-CV-931-T-27MAP

PRESS REPAIR ENGINEERING
SALES & SERVICE, INC., et al.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's "Motion to Set Aside Order to Dismiss & Motion for Summary Judgment on the Pleadings," which the Court construes as Plaintiff's Motion for Reconsideration of Order of Dismissal Pursuant to Fed. R. Civ. P. 60. (Dkt. 38).[1] Defendants have not filed a response. Upon consideration, Plaintiff's motion is DENIED.

On January 10, 2008, this Court granted Defendants' motion to dismiss on the basis that Plaintiff failed to show that Defendants are subject to personal jurisdiction in Florida and closed this case. (Dkt. 35). Plaintiff now requests that the Court set aside its Order, contending that "Defendants have misled the Court by omission and have not been fully truthful in their affidavits which was the basis for the court's ruling" and that Plaintiff has discovered documents which establish personal jurisdiction. (Dkt. 38, p. 2). Pursuant to Rule 60, a party may receive relief from a final judgment or order under certain circumstances. Fed. R. Civ. P. 60(b).[2] "[R]econsideration of a previous order

---

[1] Plaintiff's motion may be construed as a motion brought pursuant to Fed. R. Civ. P. 59 or 60. However, because a motion for reconsideration under Rule 59 must be brought within 10 days, which have long since lapsed, Plaintiff's motion will be considered pursuant to Rule 60. *Mahone v. Ray*, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003).

[2] The grounds for reconsideration pursuant to Rule 60(b) are as follows:

**(1)** mistake, inadvertence, surprise, or excusable neglect, **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); **(3)** fraud (whether

is an extraordinary remedy to be employed sparingly." *Muegge v. Heritage Oaks Gulf and Country Club, Inc.*, No. 8:05-cv-354-T-24 MAP, 2007 WL 1362704, at *1 (M.D. Fla. May 7, 2007). The Court construes Plaintiff's motion under Rule 60(b)(2) (existence of newly discovered evidence) and Rule 60(b)(3) (fraud, misrepresentation, or misconduct by an opposing party).

"A motion . . . under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Scutieri v. Paige*, 808 F.2d 785, 793 (11th Cir. 1987). To obtain relief under Rule 60(b)(2), Plaintiff must show that the newly discovered evidence could not have been discovered by due diligence before the time for filing a motion pursuant to Fed. R. Civ. P. 59 expired. *Taylor v. Texgas*, 831 F.2d 255, 257 (11th Cir. 1987); *Hall v. State of Ala.*, 700 F.2d 1333, 1338 (11th Cir. 1983). Evidence that is in Plaintiff's possession prior to entry of judgment cannot be not "newly discovered." *E.g., Taylor*, 831 F.2d at 259; *Gundotra v. IRS*, 160 F' Appx 834, 836 (11th Cir. 2005).

In this case, Plaintiff proffers as newly discovered evidence a series of contracts entered into between Plaintiff and Defendants in 2004 which contain exclusive jurisdiction clauses, PRESS's customer list which Plaintiff contends shows that Defendants have done business in Jacksonville, telephone records showing that PRESS made telephone calls and sent facsimiles to Florida phone numbers and received telephone calls from Florida phone numbers in 2004 and 2005, and a print-out of PRESS's website.

Plaintiff has not met his burden of showing that the "newly discovered evidence" could not have been discovered by due diligence prior to the order of dismissal or within the time for filing a

---

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; **(4)** the judgment is void; **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, or **(6)** any other reason that justifies relief. Fed. R. Civ. P. 60(b).

2

Rule 59 motion. Plaintiff does not contend that the contracts between he and Defendants and the other documents were not in his possession throughout the litigation or provide any reason why he only recently discovered them. Indeed, Plaintiff argued in opposition to Defendants' motion to dismiss that Defendants consented to jurisdiction in Florida in past contracts, that PRESS does business throughout the United States, and that Defendants have had telephone, facsimile and internet communications in Florida. (Dkt. 21).[3] Plaintiff fails to offer any justification why the evidence, the majority of which Plaintiff expressly contends dates back several years, could not have been discovered previously. Moreover, Plaintiff has not established that consideration of the "newly discovered evidence" would result in a different outcome. *Billings v. Unum Life Ins. Co. of Am.*, 205 F' Appx 775, 776 (11th Cir. 2006).

Likewise, Plaintiff has failed to meet his burden under Rule 60(b)(3). To prevail under Rule 60(b)(3), Plaintiff must prove fraud or misrepresentation by clear and convincing evidence. *Cox Nuclear Pharmacy v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). "Additionally, the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense." *Id.* (internal citations omitted). As with Rule 60(b)(2), evidence already in the movant's possession cannot form the basis for relief under Rule 60(b)(3). *Id.* at 1315. A party that "knows of evidence but chooses not to present it" is not entitled to relief under Rule 60(b). *Solomon v. DeKalb County, Ga.*, 154 F'Appx 92, 94 (11th Cir. 2005) (affirming denial of Rule 60(b)(3) motion where movant "has not provided any reason why he could not or did not provide the evidence of which he

---

[3] "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has one determined." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003). In addition, evidence that is merely cumulative cannot form the basis for relief pursuant to Rule 60(b)(2). *E.g., Toole v. Baxter*, 235 F.3d 1307, 1317 (11th Cir. 2000).

3

complains to the district court.").

Plaintiff does not contend that Defendants' averment that payments pursuant to the Forbearance Agreement were made to Plaintiff in Tennessee was untruthful. Likewise, Plaintiff has not shown that any conduct by Defendants prevented him from fully and fairly presenting his case, as the evidence on which Plaintiff relies was in Plaintiff's possession or available to Plaintiff before the Court entered its order of dismissal. Any omission which Plaintiff contends Defendants made did not prevent him from fully and fairly presenting his case. Accordingly, it is

**ORDERED AND ADJUDGED** that

1) Plaintiff's Motion for Reconsideration of Order of Dismissal Pursuant to Fed. R. Civ. P. 60. (Dkt. 38) is **DENIED**.

2) This case shall remain closed.

**DONE AND ORDERED** in chambers this 16th day of June, 2008.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to:
Counsel of Record
*Pro se* Plaintiff

4